Steven John Moser (SM1133)
MOSER LAW FIRM, P.C.
3 School Street, Suite 207B
Glen Cove, New York 11542
516.671.1150
smoser@moseremploymentlaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Kristy Pflug, Anne Di Iorio and Joseph Montaldo,

|  |  |
|---|---|
| Plaintiffs, | Case No. 20-cv-00018 |
| - *against* - | **COMPLAINT** |
| The County of Suffolk, | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1.      This action is brought by Plaintiffs Kristy Pflug, Anne Di Iorio, and

Joseph Montaldo ("Plaintiffs"), against the County of Suffolk ("Defendant" or "County")

under Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111 *et seq.*,

which incorporates, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures

set forth in Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et*

*seq.*

2.      This action is also brought to remedy disability discrimination under the

New York State Human Rights Law ("NYSHRL")(N.Y. Executive Law § 290, *et seq.*).

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over the Plaintiff's ADA claims under 42

U.S.C. §§ 12117(a) and 2000e-5(f), and 28 U.S.C. §§ 1331.

4.       This Court has supplemental jurisdiction over the Plaintiff's claims arising under the NYSHRL pursuant to 28 U.S.C. § 1337 because such claims form part of the same case or controversy asserted under the ADA.

5.       Venue is proper in this district under 28 U.S.C. § 1391(b) because: (1) all parties reside in this District and (2) the events and omissions giving rise to the claims alleged in this Complaint occurred within this District.

**EXHAUSTION OF REMEDIES**

6.        Plaintiffs have satisfied all procedural requirements prior to commencing this action in that they timely filed charges of discrimination with the United States Equal Employment Opportunity Commission.  The charges were forwarded by the EEOC to United States Attorney's Office for the Eastern District of New York when conciliation efforts failed. The Plaintiffs received notice of their right to file suit from the U.S. Attorney's Office for the Eastern District of New York, copies of which are annexed hereto as Exhibits 1, 2 and 3.  The instant complaint has been filed within ninety days of receipt thereof.

**PARTIES**

7.       Plaintiff Kristy Pflug ("Ms. Pflug") is a natural person and resident of the County of Suffolk.

8.       Plaintiff Anne Di Iorio ("Ms. Di Iorio"), is a natural person and resident of the County of Suffolk.

9.       Plaintiff Joseph Montaldo (Mr. Montaldo), is a natural person and resident of the County of Suffolk

10.       The County of Suffolk is a County Government within the State of New York.

2

11.     Defendant is a person within the meaning of 42 U.S.C. §§ 12111(7) and 2000e(a).

12.     Defendant is an employer within the meaning of 42 U.S.C. § 12111(5), and a covered entity within the meaning of 42 U.S.C. § 12111(2) and 29 C.F.R. § 1630.2.

13.     Defendant is an employer within the meaning of N.Y. Exec. Law § 292(5).

## FACTUAL ALLEGATIONS

14.     The County has operated a 911 Call Center in Yaphank, Suffolk County, New York for at least 10 years.

15.     The employees of the County working at the 911 Call Center include Emergency Complaint Operators, Emergency Complaint Operators (Spanish Speaking), Public Safety Dispatchers I (PSD I), Public Safety Dispatchers II (PSD II), and Public Safety Dispatchers III (PSD III)(collectively "911 Titles" or "911 Employees").

16.     Emergency Complaint Operators answer 911 calls and other non-emergency calls within the County of Suffolk.

17.     Public Safety Dispatchers are involved in dispatching mobile public safety units and rescue units, including police,  through operation of a two-way radio.

18.     Public Safety Dispatchers, when not dispatching public safety and rescue units, answer 911 calls.

19.     911 Employees perform an important public safety function.

20.     911 Employees are at a high risk for PTSD and stress related illnesses such as, heart disease, diabetes, lupus and other autoimmune diseases.

21.     At times since 2012 the County has failed to adequately staff the 911 Titles.

22.     The County permitted the 911 Call Center to become dangerously short-staffed.

23.     As a result, the County has imposed the additional job requirement on 911 Employees to work mandated overtime on a regular basis (referred to as "mandates" or "being mandated").

24.     A mandate typically consists of an additional 4 hours of work at the end of the 911 Employee's 8-hour tour of duty.

25.     The County implemented a policy of deeming individuals unable to work mandates as "unfit for duty."

26.     The County implemented a policy of refusing to accept medical requests from 911 Employees for accommodations.

27.     The County implemented a policy of refusing to accept medical requests to be relieved from mandates.

28.     Plaintiff Kristy Pflug is a former employee of the County of Suffolk.

29.     Plaintiff Kristy Pflug incorporates by reference the allegations in her EEOC charge, a copy of which is annexed hereto as Exhibit 4, as if fully set forth herein.

30.     Plaintiff Anne Di Iorio is a former employee of the County of Suffolk.

31.     Plaintiff Anne Di Iorio incorporates by reference the allegations in her EEOC charge, a copy of which is annexed hereto as Exhibit 5, as if fully set forth herein.

32.     Plaintiff Joseph Montaldo is a former employee of the County of Suffolk

33.     Plaintiff Joseph Montaldo incorporates by reference the allegations in her EEOC charge, a copy of which is annexed hereto as Exhibit 6, as if fully set forth herein.

## COUNT I
## FAILURE TO ACCOMMODATE
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT

34.     Plaintiffs incorporate each and every preceding paragraph herein by reference as if set forth fully herein.

35.     An employer discriminates against an otherwise qualified individual on the basis of disability when it does not make "reasonable accommodations to the known physical or mental limitations" of the individual, unless the employer "can demonstrate that the accommodation would impose an undue hardship on the operation of the business . . . ."  42 U.S.C. § 12112(b)(5)(A); 29 C.F.R. § 1630.9(a).

36.     The Plaintiffs suffered from physical or mental impairments that substantially limited one or more major life activities.

37.     During all relevant times, Plaintiffs were qualified for their positions with Defendant because they could perform the essential functions of their jobs with or without a reasonable accommodation.  42 U.S.C. § 12111(8), 29 C.F.R. § 1630.2(m).

38.     The Defendant knew that the Plaintiffs had limitations.

39.     Defendant never initiated or engaged in an interactive process with the Plaintiffs.

40.     Defendant did not offer reasonable accommodations to the Plaintiffs.

41.     Defendant's actions were undertaken intentionally, willfully, and maliciously.

## COUNT II
## FAILURE TO ACCOMMODATE UNDER THE HUMAN RIGHTS LAW
## N.Y. EXECUTIVE LAW § 290, *ET SEQ.*

42.     Plaintiffs incorporate each and every preceding paragraph herein by reference as if set forth fully herein.

43.     The Human Rights Law requires employers to provide a reasonable accommodation for an employee's known disability.   NY. Exec. Law § 296(3).

44.     The Plaintiffs suffered from physical, mental or medical impairments resulting from anatomical, physiological, genetic or neurological conditions which prevented the exercise of a normal bodily function or were demonstrable by medically accepted clinical or laboratory diagnostic techniques, had a record of such an impairment or had a condition regarded by others as such an impairment.

45.     Upon the provision of reasonable accommodations, the foregoing conditions would not prevent the Plaintiffs from performing in a reasonable manner their job activities.

46.     The Plaintiffs' conditions were known to the Defendant.

47.     Defendant never initiated or engaged in an interactive process with the Plaintiffs.

48.     Defendant did not offer reasonable accommodations to the Plaintiffs.

**COUNT III**
**INTENTIONAL DISCRIMINATION**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT**

49.     Plaintiffs incorporate each and every preceding paragraph herein by reference as if set forth fully herein.

50.     The ADA prohibits employers from discriminating against a qualified individual on the basis of disability in the hiring, or discharge of employees, and other terms, conditions, and privileges of employment.  42 U.S.C. § 12112.

51.     The Plaintiffs suffered from physical or mental impairments that substantially limited one or more major life activities, had a record of such an impairment, and were regarded as having an impairment by Defendant.

6

52.      During all relevant times, Plaintiffs were qualified for their positions with

Defendant because they could perform the essential functions of their jobs with or

without a reasonable accommodation.  42 U.S.C. § 12111(8), 29 C.F.R. § 1630.2(m).

53.      By its conduct, Defendant has intentionally discriminated against

Plaintiffs because of their disabilities in violation of Title I of the ADA, 42 U.S.C. §

12111, *et seq.*, and its implementing regulation, 29 C.F.R. Part 1630.

54.      Defendant's actions were undertaken intentionally, willfully, and

maliciously.

**COUNT IV**
**INTENTIONAL DISCRIMINATION**
**N.Y. EXECUTIVE LAW 290, *ET SEQ.***

55.      Plaintiffs incorporate each and every preceding paragraph herein by

reference as if set forth fully herein.

56.      It is an "unlawful discriminatory practice for an employer" because of a

person's disability "to refuse to hire or employ or to bar or to discharge from employment

such individual or to discriminate against such individual in compensation or in terms,

conditions or privileges of employment."  N.Y. Exec. Law § 296(1)(a).

57.      The Plaintiffs suffered from physical, mental or medical impairments

resulting from anatomical, physiological, genetic or neurological conditions which

prevented the exercise of a normal bodily function or were demonstrable by medically

accepted clinical or laboratory diagnostic techniques, had a record of such an impairment

or had a condition regarded by others as such an impairment.

58.      Upon the provision of reasonable accommodations, the foregoing

conditions would not prevent the Plaintiffs from performing in a reasonable manner their

job activities.

59.     By its conduct, Defendant intentionally discriminated against Plaintiffs because of their disabilities in violation of the New York State Human Rights Law. NY Exec. Law § 296.

**COUNT V**
**RETALIATION**
**TITLE I OF THE AMERICANS WITH DISABILITIES ACT**

60.     Plaintiffs incorporate each and every preceding paragraph herein by reference as if set forth fully herein.

61.     By its conduct, Defendant has violated the Anti-Retaliation provision of Title I of the ADA, 42 U.S.C. § 12203.

62.     It is unlawful for any "person" to "discriminate against any individual because such individual has opposed any act or practice made unlawful by" the ADA. 42 U.S.C.S. § 12203(a)

63.     It is further "unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of. . .any right granted or protected by" the ADA. 42 U.S.C.S. § 12203(b).

64.     The Defendant is a "person" under 42 U.S.C.S. § 12111 (incorporating by reference the definition of "person" under 42 U.S.C.S. § 2000e).

65.     The Plaintiffs each had a good faith belief that they suffered from disabilities and that they were protected by the ADA.

66.     The Plaintiffs opposed the Defendant's unlawful discriminatory practices and sought to enjoy their rights under the ADA by, inter alia, requesting accommodations.

67.     The Defendant retaliated against the Plaintiffs because of their protected activity.

8

68.     The Defendant coerced, intimidated, threatened and interfered in the exercise and enjoyment of the Plaintiffs' rights.

69.     Defendant's actions were undertaken intentionally, willfully, and maliciously.

## COUNT VI
## RETALIATION
## NEW YORK STATE HUMAN RIGHTS LAW

70.     Plaintiffs incorporate each and every preceding paragraph herein by reference as if set forth fully herein.

71.     It is unlawful "[f]or any employer, [] to discharge, expel or otherwise discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article. N.Y. Exec. Law § 296(1)(e).

72.     Plaintiffs engaged in activity protected by N.Y. Exec. Law § 296(1)(e).

73.     The Defendant discriminated against the Plaintiffs because of their protected activity.

## COUNT VII
## DISPARATE IMPACT DISCRIMINATION
## TITLE I OF THE AMERICANS WITH DISABILITIES ACT

74.     Plaintiffs incorporate each and every preceding paragraph herein by reference as if set forth fully herein.

75.     Discriminating against a qualified individual on the basis of disability includes "utilizing standards, criteria, or methods of administration . . . that have the effect of discrimination on the basis of disability". 42 U.S.C. § 12112(b)(3).

76.     The County permitted the 911 Titles to become dangerously short-staffed.

9

77.     As a result, the County imposed the additional job requirement on 911 Employees to work mandated overtime on a regular basis.

78.     The County implemented a policy of deeming individuals unable to work mandated overtime as "unfit for duty."

79.     The County implemented a policy of refusing to accept medical requests for accommodations under the ADA.

80.     The County implemented a policy of refusing to accept medical requests to be excused from mandates.

81.     The County deemed a failure to work mandates as misconduct punishable by discipline, up to and including termination.

82.     These standards, criteria, and methods of administration have had a disparate impact on qualified individuals with disabilities, including, the Plaintiffs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks:

a.  That the practices of the County complained of herein be determined and adjudged to constitute violations of the ADA and the New York State Human Rights Law;

b.  An injunction against the County from engaging in each of the unlawful practices and policies set forth herein;

c.  An award of damages arising from loss of past and future income and other damages;

d.  An award of damages for mental anguish and emotional distress;

e.  For all relief available under the ADA and the New York State Human Rights Law, including punitive damages and reinstatement;

    f.   prejudgment interest;

    g.   reasonable attorneys' fees and costs of the action;

    h.   such other appropriate relief as the interests of justice require.

**JURY DEMAND**

Plaintiffs hereby requests a trial by jury.

Dated:  Glen Cove, New York
         January 2, 2020

Respectfully,

MOSER LAW FIRM, P.C.

_____
By: Steven J. Moser, Esq. (SM1133)
3 School Street, Suite 207B
Glen Cove, New York 11542
516.671.1150
smoser@moseremploymentlaw.com