# EXHIBIT 6

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | |

**New York State Division of Human Rights** _____ and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Joseph Montaldo | (631) 874-2414 | 05/30/60 |

| Street Address | City, State and ZIP Code |
|---|---|
| 28 N. Cozine Road, Manorville, NY 11949 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| Police Department, County of Suffolk, New York | More than 25 | (631) 852-6000 |

| Street Address | City, State and ZIP Code |
|---|---|
| 30 Yaphank Avenue, Yaphank, New York 11980 | |

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: January 7, 2014     Latest: Present
☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

The claimant, Joseph Montaldo, an employee of the Suffolk County Police Department, E.O. Communications Section, files this EEOC charge because he has been denied reasonable accommodation for his disability as a result of the department-wide policy of his employer.

Joseph Montaldo ("Joseph") is a civilian employee of the Suffolk County Police Department ("SCPD") and has worked there as a Public Safety Dispatcher I since August 5, 1991. Joseph has won awards from the SCPD for his work, including the highest award a civilian can earn.

Joseph's essential job functions include monitoring 911 emergency calls and dispatching the calls to the appropriate police unit, while continuously monitoring five computers. Two of the computer screens Joseph monitors are located in front of him, approximately two feet away, and raised above his head, causing him to hyperextend his neck for long periods of time (up to nine hours a day when he works overtime).

Starting on April 28, 2013, while at work, Joseph began to suffer from an extremely painful neck and arm problem. Joseph experienced repeated attacks where his left arm became numb, cold, weak and non-functional. Subsequently, he was diagnosed with cervical radiculopathy (nerve root compression) by Dr. Sathish Subbaiah, M.D., orthopedic surgeon and Dr. David Panasci, M.D., radiologist, on May 7, 2013 and Dr. Raphael Davis, M.D., neurological surgeon, of the Stony Brook Neurosciences Institute, on July 9, 2013. Dr. Davis found that the cause was "likely due to persistent hyper extension associated with viewing monitors in his position at work" and recommended that Joseph "restrict his activities from this standpoint."

Joseph went on leave from his job because of his medical problem from April 28, 2013 to January 24, 2014. During that time he underwent medical treatment and physical therapy. Joseph was granted New York State Workers' Compensation benefits, after a hearing before Judge Leo Kornfeld, on November 6, 2013, based on Joseph's "disablement" from an "occupational disease." At that hearing, Joseph's attorney had stated that "Joe wants to work" and he requested several times, by way of accommodation, that the SCPD lower the computer screens at his work place, but an SCPD supervisor stated, "we are not lowering the monitors."

With medical treatment, Joseph's condition improved, and he returned to work on January 24, 2014. Before he returned, he contacted the SCPD, on or about January 7, 2014, to notify the administration that he had a medical note from Dr. Subbaiah, which stated that Joseph could return to work but he was "not allowed looking up at [the computer] monitors." Joseph was informed by an SCPD office employee that "we do not accept doctors' notes with any restrictions. It is full duty or nothing."

In addition to the two accommodation requests to lower the computer monitors or recognize Joseph's medical limitation, a third request had been made of the SCPD by its own physician, Dr. Coin, who examined Joseph on December 24, 2013. During the exam, Dr. Coin called an SCPD official and asked, "could we move the monitors and do something for Joe?" Apparently, the answer was no.

The SCPD's treatment of Joseph was part of an ongoing, overall SCPD policy on medical disabilities, as reflected in a statement made in early 2013, when the SCPD announced to a group of Public Safety Dispatchers the following with regard to employees' medical requests to limit mandatory overtime:

**Absolutely no request for an accommodation would be granted to anyone with a medical condition, and requests for accommodation would no longer be accepted by the Department.**

SCPD's "no requests for accommodation" policy has continued and has been applied to other SCPD employees. For example, in a recent hearing for a former SCPD Public Dispatcher, Kristy A. Pflug,* on March 12, 2014, before the New York State Unemployment Board, Kristy's former SCPD supervisor agreed that no medical requests for an accommodation relating to restricted hours were being honored by the SCPD as of July 4, 2013.

After the SCPD's refusal to accept Dr. Subbaiah's January 7, 2014 medical note, Joseph made yet another request for accommodation, this time to his immediate supervisor, on January 17, 2014. However, he was advised that the medical restriction in the doctor's note had to first be deleted. So Joseph submitted a second note from Dr. Sabbaiah, without the restriction on his looking up at the computer monitors, in which the doctor requested that the SCPD provide some type of "elevated seating."

After receiving no reply on the January 17, 2014 accommodation request, Joseph made repeated inquiries of the SCPD, asking if he could at least purchase an ergonomic stool himself. Approximately 2 ½ months after Joseph's return to work, on March 5, 2014, Joseph was given permission by a new Commander to purchase an ergonomic stool. Although Joseph did so, unfortunately, the result has not been satisfactory, and Joseph's pain has returned, and grown worse.

Joseph's arm now fails him every time he looks up. He experiences neck and arm pain now both at home and at work, interfering with his concentration and his sleep. When his arm fails him, he cannot

perform even simple manual tasks.

At no time has the SCPD initiated or participated in an interactive, individualized process with Joseph to work out a reasonable accommodation of his request to lower the computer monitors. Moreover, several of Joseph's co-workers have told him, as well as their union, that they also are suffering from neck pain. Therefore, a reasonable accommodation would benefit Joseph, as well as the other employees.

Despite SCPD's knowledge of Joseph's physical disability, and despite Joseph's timely requests to the SCPD for reasonable accommodation, the SCPD has failed to provide any accommodation, with the result that Joseph's medical condition has worsened since his return to work. Joseph has been ready, willing and able to work at the SCPD and he is well qualified to do so, having worked there for 23 years. However, he hopes to work without so much pain. Unfortunately, the SCPD, knowing of his medical limitation, has not made reasonable accommodation for Joseph's disability or interacted with Joseph individually towards such a goal, even though the burden of the requested accommodations on the employer would be comparatively slight.

---

*See EEOC Charge for Kristy A. Pflug, filed with the EEOC, New York District Office, on March 31, 2014.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| 7/30/2014   Joseph Montalbo<br>Date           Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)<br>JULY 30, 2014 |

EEOC Form 5 (11/09)

STEVEN J. MOSER
Notary Public, State of New York
No. 02MO6217283
Qualified in Nassau County
My Commission Expires April 30, 2018