

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office

33 Whitehall Street, 5th Floor
New York, NY 10004-2112
For General Information: (800) 669-4000
TTY: (800)-669-6820
District Office: (212) 336-3620
General FAX: (212) 336-3625

Charge No. 520-2014-01814

| | |
|---|---|
| Charging Party: | Kristy A. Pflug<br>109 Woodlot Road<br>Ridge, NY 11961 |
| Charging Party's Atty: | Steven J. Moser, Esq.<br>Attorney at Law<br>3 School Street, Suite 207B<br>Glen Cove, NY 11542 |
| Respondent : | Suffolk County Police Department<br>30 Yaphank Avenue<br>Yaphank, NY 11980 |
| Respondent's Atty: | Dennis M. Brown, Esq.<br>Assistant County Attorney<br>County of Suffolk<br>P.O. Box 6100<br>Hauppauge, NY 11788 |

## DETERMINATION

I issue the following determination on the merits of the subject charge. Respondent Suffolk County Police Department is an employer within the meaning of the Americans with Disability Act (ADA), as amended. All requirements for coverage have been met.

Charging Party was employed by Respondent as a Public Safety Dispatcher I and worked both as a Police Dispatcher and a 911 operator as needed. She alleges that after her return from maternity leave in April 2012, the department had become severely short staffed resulting in dramatically increased amount of mandated overtime. Prior to her maternity leave, overtime was mandated only in cases of emergencies. However, between April 2012 and July 2013 she was mandated at least 40 times. Charging Party further asserts that Respondent issued a revised policy regarding mandated overtime on August 3, 2012. This revised policy introduced a new internal medical review component, requiring any employee requesting exemption from overtime provide medical documentation with specifics such as the diagnosis, prognosis, and duration of any condition or limitation. In addition, each request would be subject to review and would be decided on an individual basis. Charging Party claims that between August 2012 and November 2012, she submitted at least three requests for reasonable accommodation and Respondent failed to provide any accommodation. In early 2013,

Respondent announced that absolutely no request for an accommodation would be granted to anyone with a medical condition, and requests for accommodation would no longer be accepted. Because of this policy Charging Party ceased requesting accommodations and resigned her position effective July 4, 2013. In early 2014, she reapplied for her former position and was not reinstated.

Respondent argues that Charging Party's claims are untimely based on the last date of harm. Additionally, Respondent states Charging Party waived her right to file a charge when she signed a general release as part of settlement of disciplinary charge in September 2013.

A review of the evidence received during our investigation suggest Respondent by way of policies enacted in 2012 and 2013 restricted and or denied Charging Party's right to request and obtain a reasonable accommodation. Furthermore, by refusing to address any request for reasonable accommodation, Respondent failed to engage in the interactive process.

Based on the above, Respondent's asserted defense does not withstand scrutiny and the Commission has determined that there is reasonable cause to believe that Respondent has discriminated against Charging Party on the basis of disability in violation of the Americans with Disabilities Act, as amended (ADA).

This determination is final. Upon finding that there is reason to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites you to join with it in reaching a just resolution of this matter. A letter outlining the proposed terms of conciliation will follow shortly.

Disclosure of information obtained by the Commission during the conciliation process may only be made in accordance with ADA and the Commission's Procedural Regulations.

If Respondent declines to enter into conciliation discussions, or when the Commission's representative is unable to secure an acceptable conciliation agreement, the Director shall so inform the parties, advising them of the court enforcement alternatives available to aggrieved persons and the Commission.

On Behalf of the Commission:

FEB 19 2016

Kevin J. Berry
District Director

Date